UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **HUEY P. GARDNER** | **CIVIL ACTION NO. 5:12-cv-1916** |
| **VS.** | **SECTION P** |
| **SHERIFF'S OFFICE OF** | **JUDGE ELIZABETH E. FOOTE** |
| **CADDO PARISH, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Huey P. Gardner, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on July 13, 2012. Plaintiff is not incarcerated, nor was he incarcerated when he filed this complaint; however, he complains that on various dates he was served contaminated food while he was detained at the Caddo Corrections Center (CCC) during the period between February 11, 2012 and June 14, 2012. He sued the Caddo Parish Sheriff's Department and the CCC seeking $40 million in actual damages and $80 million in punitive damages. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

*Background*

Plaintiff was incarcerated at the CCC during the period between February 11, 2012, and June 14, 2012. On July 13, 2012, while no longer detained, he filed four civil rights complaints concerning either the conditions of confinement at CCC or the lawfulness of his confinement. Each complaint named only the Caddo Sheriff's Office and the CCC as defendant. In Civil

Action No. 5:12-cv-1914 plaintiff described the meals provided to him during his confinement and claimed that he was undernourished; in Civil Action No. 5:12-cv-1915 he complained that he was confined to "24 hour lock-down for 86 to 105 days" because he refused to submit to a tuberculosis test; in Civil Action No. 5:12-cv-1917 he complained that he was illegally incarcerated. These cases were assigned to United States Magistrate Judge Mark L. Hornsby who conducted an initial review, and in each case directed plaintiff to amend the complaints to provide more specific information with respect to the alleged violations of plaintiff's constitutional rights. In each case plaintiff submitted amended complaints; however, each amended complaint merely recapitulated the conclusory allegations of the original complaints and each continued to identify the CCC and the Sheriff's Office as defendants.

In the instant complaint plaintiff claimed that the defendants – Caddo Sheriff's Office and CCC – intentionally contaminated his food. He complained about the corn bread on May 23; he claimed the spinach had a "strong unusual smell" on May 24; he complained about the greens and corn bread served on June 1; he claimed that the fruit cocktail served on June 10 and 11 "tighten tung;" he complained that the peaches served on June 11 had a "strong chlorine smell;" he claimed that on June 11 he took a sample of the greens; and finally, he complained about the peas and carrots served on June 13. He alleged that "the above samples are believed to contain an astringent of some kind or a substance with astringent characteristics." He alleged that this chemical could cause choking, loss of oxygen and death or brain damage. He alleged that the corn bread contained a "foreign substance" based upon its texture and composition. He implied that the defendants could be charged with attempted murder. [Doc. 1] Nevertheless, he did not allege any injury sustained by him as a result of being served unspecified quantities of this

allegedly tainted food.

## *Law and Analysis*

### *1. Screening*

Plaintiff was a prisoner when the events complained of transpired. He was apparently released from custody on June 14, 2012, and filed his complaint approximately one month later. As noted above, plaintiff was allowed to proceed *in forma pauperis* in this complaint concerning conditions of his prior confinement. The court is therefore obliged to evaluate his complaint, and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998). Nevertheless, in order to be afforded the benefits of this assumption a civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009) (A court should begin its analysis by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."); see

3

also *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995).

A district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97. The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint is frivolous if it lacks an arguable basis in law (i.e. it is based upon a undisputably meritless legal theory) or in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir.1995); *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Herndandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

Plaintiff's claims are conclusory in nature and, liberally construed, are at best fanciful, fantastic, and delusional. Plaintiff has three other civil actions pending in this division and in each case, when given the opportunity to amend, he merely rehashed the conclusory and fanciful claims provided in the original complaint. Based upon that history, the undersigned concludes that further amendment in this instance would serve no useful purpose.

**2. Juridical Persons**

Plaintiff has sued only two defendants – the "Sheriff's Office of Caddo Parish" and the Caddo Correctional Center.

Fed.R.Civ.P. Rule 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether

the "Caddo Corrections Center" has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24. The "Caddo Corrections Center" is the parish jail of Caddo Parish; it is not a juridical person and therefore plaintiff's claims against this defendant must be dismissed as frivolous.

Plaintiff also sued the Caddo Parish Sheriff's Office. Under Louisiana law, the Parish Sheriff's Office is not a proper defendant since it is also not an entity capable of being sued. *Cozzo v. Tangipahoa Parish Counsel*, 279 F.3d 273, 283 (5th Cir.2002) (citing *Porche v. St. Tammany Parish Sheriff's Office*, 67 F.Supp.2d 631, 635 (E.D.La.1999) (recognizing that "a sheriff's office is not a legal entity capable of being sued, Louisiana sheriffs are amenable to suit")); *Causey v. Parish of Tangipahoa*, 167 F.Supp.2d 898, 909 (E.D. La.2001) (the "Parish Sheriff's Department" is not a proper party defendant because "the law of Louisiana affords no legal status to the 'Parish Sheriff's Department' so that the department can sue or be sued, such status being reserved for the Sheriff.") Plaintiff claims against the Sheriff's Office are also frivolous.

### 3. Delusional Claims

Finally plaintiff's claims themselves are, as noted above, conclusory and fanciful and bordering on the delusional. His complaint alleged no injury suffered by him or any of the other inmates at CCC as a result of the complained of condition of confinement.

### *Recommendation and Order*

Therefore

5

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2). Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, October 1, 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE