UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **HUEY P. GARDNER** | **CIVIL ACTION NO. 5:12-cv-1916** |
| **VS.** | **SECTION P** |
| **SHERIFF'S OFFICE OF** | **JUDGE ELIZABETH E. FOOTE** |
| **CADDO PARISH, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

**SUPPLEMENTAL REPORT AND RECOMMENDATION AND ORDERS**

*Pro se* plaintiff Huey P. Gardner, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on July 13, 2012. Plaintiff is not incarcerated, nor was he incarcerated when he filed this complaint; however, he complains that on various dates he was served contaminated food while he was detained at the Caddo Corrections Center (CCC) during the period between February 11, 2012 and June 14, 2012. He sued the Caddo Parish Sheriff's Department and the CCC seeking $40 million in actual damages and $80 million in punitive damages. On October 1, 2012, the undersigned recommended dismissal of plaintiff's civil action as frivolous [Doc. 13] Thereafter, on the same date plaintiff filed a demand for jury trial [Doc. 14] and three motions for discovery [Docs. 15-17]. On October 3, 2012, those motions were denied. [Doc. 18]

On October 19, 2012, plaintiff filed a "Second Amended Complaint" adding the Caddo Parish Sheriff as a defendant. [Doc. 19]. On November 21, 2012, he filed a motion to consolidate this civil action with Civil Action 5:12-cv-1914. [Doc. 20] That motion was denied on November 26, 2012. [Doc. 21]

On December 4, 2012, plaintiff filed a motion to amend his complaint to add the Caddo

Parish Sheriff and the Caddo Parish Commission as defendant. [Doc. 22] Thereafter, on December 14, 2012, he filed another Motion to Consolidate with Civil Action No. 5:12-cv-1914. [Doc. 23]

*Law and Analysis*

Plaintiff's original complaint named the Caddo Sheriff's Department and the Caddo Correctional Center as his sole defendants. As noted in the Report and Recommendation of October 1, 2012, neither the Sheriff's Department nor the Corrections Center are proper juridical parties. [Doc. 13] Plaintiff now seeks to add the Sheriff and the Caddo Parish Commission. While that amendment may cure the first defect noted in plaintiff's complaint, it does not overcome the second. As noted in the Report and Recommendation, plaintiff's claims are conclusory, fanciful, and bordering on the delusional and dismissal on that basis is still recommended.

Therefore,

Plaintiff's Motion to Amend his complaint to add the Caddo Parish Sheriff and the Caddo Parish Commission as defendants [Doc. 22] is **GRANTED;** his motion to consolidate [Doc. 23] is **DENIED** for the same reasons set forth in the order of November 26, 2012 [Doc. 21]. All other pending motions are **DENIED;** and,

**IT IS AGAIN RECOMMENDED** that plaintiff's complaint and his amended complaint be **DISMISSED WITH PREJUDICE** as frivolous for the reasons set forth in the Report and Recommendation of October 1, 2012. Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A

party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See,** *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, January 24, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE