UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| HUEY P. GARDNER | * | CIVIL ACTION NO. 12-1916<br>Section P |
| VERSUS | * | JUDGE ELIZABETH E. FOOTE |
| CADDO PARISH SHERIFF OFFICE,<br>ET. AL. | * | MAG. JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the district court, is a motion for injunctive relief [doc. # 28] filed by plaintiff pro se, Huey P. Gardner. For reasons assigned below, it is recommended that the motion be DENIED.

## Background

Huey Gardner, a self-represented plaintiff, filed four civil actions (12-cv-1914, 12-cv-1915, 12-cv-1916, and 12-cv-1917), which all generally relate to his recent incarceration at the Caddo Correctional Center. In a previous letter to the court, Mr. Gardner complained that on September 21, 2012, he was denied access to the courthouse and to the clerk of court's office because he failed to produce a government-issued photo identification ("ID"). Mr. Gardner did not represent that he actually lacked an ID. Rather, he merely complained that one should not be required.

Following receipt of Mr. Gardner's letter, the district court judges of the Shreveport Division discussed the issue, and voted that Mr. Gardner be required to produce ID to enter the courthouse, as is required of every other visitor. That policy was enforced on Mr. Gardner's later visits.

On February 1, 2013, Mr. Gardner filed the instant motion for injunctive relief in which he demands that he be allowed to (1) enter the courthouse without the need to present ID; and (2)

enter the courthouse with a cell phone.

## Discussion

The United States Marshal's Service and the Secretary of Homeland Security are charged by Congress with protecting the federal courts. After the events of September 11, 2001, a policy was implemented that requires the marshal to perform a photo identification check of all persons who seek access to federal courthouses. Some persons have filed suit and insisted on a constitutional right to enter a federal court anonymously, or raised other challenges related to the policy, but the courts have rejected the suits. *See e.g., Foti v. McHugh*, 247 Fed. Appx. 899 (9th Cir. 2000) (unpubl.) (district court properly dismissed ID-challenge lawsuit because persons entering courthouse do not have a constitutional right to do so anonymously); *Haas v. Monier*, 2009 WL 1277740, *6 (D. N.H. 2009) (dismissing similar challenge and noting that "[s]everal courts have upheld such restrictions.").

In another recent suit, a law student who entered a courthouse alleged that the ID requirement violated the Fourth Amendment. *Bensam v. Bharara*, 2012 WL 3860029 (S.D. N.Y. 2012). However, the court dismissed the complaint as frivolous, noting that (1) the governmental interest in safeguarding courthouses is paramount, (2) the public is subject to inspection while in the courthouse, and (3) a request by marshal for identification is a reasonable and limited measure to ensure that courthouse security is maintained. *Id*. The undersigned agrees with the foregoing decisions.

Mr. Gardner further complains that a government-issued identification has a fee associated with it and that some persons will not be able to afford the fee. (He does not claim that he cannot afford an ID.) He rhetorically asks: "[h]ow will they access the courts if they can't get in the building?" The response is that their right of access to the courts remains unimpeded.

Prisoners who are locked away for life in distant locations routinely access this court by using the United States Postal Service to mail filings. Mr. Gardner may mail his filings if he lacks an ID. Unlike prisoners, Mr. Gardner also may utilize the drop box located at the front of the courthouse where he may time-stamp and file documents at any time. He does not need to enter the building to use the drop box, so no ID is required. On the day in September when Mr. Gardner first sought access to the courthouse without an ID, the Clerk of Court's office was closed for an annual seminar, so he had to use the drop box if he wished to file anything that day.

Mr. Gardner also demands that he and any other person who enters the courthouse be allowed to possess a cell phone. Standing Order 1.93, adopted by the judges of the Western District of Louisiana, governs possession and use of electronic devices in the courthouses in this district. It provides that no electronic device, including cellular phones, may be brought into or used in any courthouse in the district by visitors without the prior approval of a judge of this court, subject to certain exceptions. Those exceptions are for employees of the government with official business in the courthouse, attorneys in good standing who have business with the court, and witnesses who are scheduled to testify and for whom an attorney has obtained prior permission from a judge.

This order was adopted by the court after internal deliberation and consultation with the U.S. Marshal about security concerns. Mr. Gardner has not explained how the lack of a cell phone inside the courthouse prevents him from accessing the court or otherwise denies any constitutional right. One does not have a constitutional right to possess a cell phone at every place he visits.

In sum, Mr. Gardner must present a proper government-issued photograph identification if he returns to the courthouse and wishes to enter the building. One is available at nominal cost

from the Office of Motor Vehicles. A person who believes he is capable of simultaneously litigating four civil rights suits that seek tens of millions of dollars in damages should be capable of accomplishing the simple and inexpensive task of obtaining proper ID. Accordingly,

**IT IS RECOMMENDED** that the motion for injunctive relief [doc. # 28] filed by plaintiff pro se, Huey P. Gardner be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 5th day of February 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE